J. R. McLEAN v. VILLAGE OF NORTH ST. PAUL and Others.

July 1, 1898.

Nos. 11,083—(193).

**Village Officers—Injunction under G. S. 1894, § 1269—Bicycle Path.**
G. S. 1894, § 1269, provides that "all contracts for village improvements except expenditures of road and poll tax, shall be let to the lowest responsible bidder after public notice of time and place of receiving bids therefor." In an action brought by a taxpayer under this section to enjoin the village of North St. Paul and its officers from paying out of its treasury money to build a bicycle path, *held* that, as it did not appear that the money so to be paid out was other than that which might be expended from the road and poll tax fund, a cause of action was not proven against defendants.

**Same—Painting Village Hall—Improvement.**
The plaintiff also sought to restrain said defendants from paying out of the village treasury any money for painting the village hall. He did not, in his complaint, allege, nor did he prove or offer to prove, the expense of such painting. *Held*, that such expenditure may have been so trivial and insignificant as not to be an improvement within the meaning of the statute, and, as the burden of proving otherwise rested upon the plaintiff, which he failed to maintain, a cause of action in this respect was not proven.

Action in the district court for Ramsey county against the village of North St. Paul and its officers to enjoin the payment of money out of the village treasury for the construction of a bicycle path and for painting the village hall. The cause was tried before Willis, J., without a jury, who ordered judgment dismissing the action. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*D. J. Keefe* and *David F. Peebles*, for appellant.
Appellant contends that under G. S. 1894, § 1269, the village

council of North St. Paul cannot cause to be constructed a bicycle path within or without the village limits, or cause the village hall to be painted, or construct any other improvement, without advertising for bids, and letting the same to the lowest responsible bidder; nor let the contract, either by advertising for bids or otherwise, to one of the members of the village council. Painting the village hall is an improvement, within the meaning of this statute. State v. Reis, 38 Minn. 371.

*Pierce Butler* and *J. M. Hawthorne*, for respondents.

Painting of the town hall is not, in any proper sense of the word, an improvement, but is merely a repair of public property, and hence can be performed without any special or formal contract therefor.

A bicycle path is a road, or a part of a highway, for the construction of which the village has a right to let a contract without giving public notice of the time and place of receiving bids. Thompson v. Dodge, 58 Minn. 555; Holland v. Bartch, 120 Ind. 46; Myers v. Hinds, 110 Mich. 300.

BUCK, J.

The plaintiff brought this suit as a taxpayer and citizen of the village of North St. Paul, Ramsey county, to enjoin said village and its officers from paying out of the village treasury any money whatever for the construction of a bicycle path, and for painting the town hall.

The village is duly incorporated, with a council consisting of two trustees, president, recorder, and treasurer, and three of these officers constitute the committee on streets.

Plaintiff alleged as his first cause of action that in the month of August, 1897, defendant passed a resolution assuming to authorize the committee on streets to construct a bicycle path at the expense of said village from a point within said village to a point one-half mile without said village, and that said committee, assuming to act in pursuance of said resolution, have employed men, and bought material, and are constructing said path, and unless enjoined said committee will pay the same out of the funds belonging to said village.

The defendants, in their answer, denied these allegations.

For his second cause of action plaintiff alleged that said council, in August, 1897, at a meeting thereof, by a resolution assumed to authorize said committee on streets to paint the town hall, and that in pursuance of such resolution said committee let said painting to Joseph Miller, one of its own members, in violation of G. S. 1894, § 1269, and did so without advertising for bids. That said painting was about completed, and, unless said officers are restrained, they will pay for the same out of the treasury of said village.

The defendants, in their answer, deny that the painting was let to a member of said committee, but allege:

"That they admit that on or about the 2d day of August, 1897, said village council duly authorized the said committee to paint, or cause to be painted, the village hall of said village; that said council had full power and authority so to do; and that said committee and said council have since said date caused the village hall to be painted, and for that purpose have purchased paint and employed workmen; that said work was done under the direction of said Miller, acting for said committee and council."

The trial court found the allegations of the complaint untrue except such allegations as are admitted in the answer to be true, and dismissed the action.

Upon this appeal plaintiff makes nine assignments of error, but says that he will not discuss them separately, and that a decision upon the question arising upon G. S. 1894, § 1269, either for or against the plaintiff, will dispose of all of the assignments. This statement relieves us of the necessity of examining such alleged errors separately.

The last clause in the section of the statute referred to reads as follows:

"All contracts for village improvements, except expenditures of road and poll tax, shall be let to the lowest responsible bidder, after public notice of time and place of receiving bids therefor."

The proceedings of the village council of August 2, 1897, which were offered in evidence by plaintiff, and excluded by the court, and which appear in the record, do not aid the plaintiff. While the

printed notice for sealed proposals for building a bicycle path shows that the village contemplated doing so, yet it also appears that the bid received on such proposal was rejected by the village council, and the whole matter was referred to the street committee, with power to act. It is not to be presumed that this committee would act except in accordance with the law. Taken altogether, this record of the proceedings of the village council was not beneficial to the plaintiff, and it was not error for the court to exclude it when offered by him in evidence. Nor did the plaintiff show, or offer to show, that, if the village built a bicycle path, there was not sufficient road and poll tax to pay for such expenditure. This expenditure, it will be noted, by the terms of the statute may be made without letting the contract to the lowest responsible bidder.

Upon the question whether the painting of the town hall comes within the statutory prohibition that all contracts for village improvements except the expenditures of road and poll tax shall be let to lowest bidder after public notice of the time and place of receiving bids therefor, but little need be said, as there is neither allegation nor proof nor offer to prove the value or cost of such improvement, if such it can be called. It may have been so trivial and insignificant as not to have been contemplated by the legislature in the use of the word "improvement" in a case like this, but rather in the nature of repairs, such as would be the case in replacing a broken window or door or floor board. At least the burden of showing otherwise rested upon the plaintiff, and in this respect he failed. The presumption is that the village officers did their duty, and did not violate the law, and do not intend to do so.

Order affirmed.